ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| Korte-Fusco Joint Venture | )   ASBCA No. 59767 |
| | ) |
| Under Contract No. W912QR-11-C-0037 | ) |

APPEARANCE FOR THE APPELLANT:     Kirk J. McCormick, Esq.
                                      Hinckley, Allen & Snyder LLP
                                      Boston, MA

APPEARANCES FOR THE GOVERNMENT:     Thomas H. Gourlay, Jr., Esq.
                                        Engineer Chief Trial Attorney
                                        Jennifer M. Payton, Esq.
                                        Engineer Trial Attorney
                                        U.S. Army Engineer District, Louisville

## OPINION BY ADMINISTRATIVE JUDGE O'CONNELL
## ON THE GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT

This appeal involves a delay claim on a U.S. Army Corps of Engineers (Corps) construction project. The Corps has filed a motion for summary judgment in which it contends that a bilateral modification executed after the alleged delays shields the government from any liability. Because this modification does not clearly release the claim at issue, the government is not entitled to judgment as a matter of law and we deny the motion.

## STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

The following facts are undisputed, unless otherwise noted.[1]

1. On 31 August 2011, a contracting officer with the Louisville District of the Corps executed a contract with appellant, Korte-Fusco Joint Venture (KFJV), for the design and construction of a project that included a new 400 member Armed Forces training building and two segmental retaining walls (R4, tab 3). Due to a bid protest, the contracting officer waited until 29 November 2011 to issue the notice to proceed (R4, tab 4; B. Korte aff. ¶ 8).

---

[1] Both parties have submitted a statement of undisputed material facts. While appellant has submitted a detailed response to the government's statement, the government has not responded to appellant's submission. Under Board Rule 7(c)(2), the Board may accept as true a fact properly proposed and supported by one party unless the other party properly responds and establishes that it is in dispute.

2. On 16 May 2012, KFJV entered into a subcontract with NCI-CT, Inc. (NCI), for work that included construction of the retaining walls (R4, tab 9). According to appellant, "NCI is prosecuting this Appeal in the name of KFJV with the consent, cooperation, and authorization of KFJV" (app. br. at 1 n.1).

3. NCI first submitted the retaining walls as a construction submittal to KFJV on 31 May 2012 (R4, tab 6). The government provides a long history of the approval process in its statement of undisputed facts but for present purposes it suffices to say that after a series of disapprovals and re-submittals, the Corps did not approve the retaining walls until more than 13 months after the initial submittal, on 9 July 2013 (R4, tab 64).

4. On 21 August 2013, the parties attended a "Red Zone" meeting, a meeting contemplated by the contract to occur 60 days before the beneficial occupancy date to discuss the closeout process (R4, tab 3 at GR4-277, ¶ 1.52). The minutes of this meeting quote a Corps employee as stating that "a pending weather mod and time extension will be executed" (B. Korte aff., ex. 4 at 2 of 8, ¶ 19).

5. Attached to the Red Zone meeting minutes is a "Change Request Register." This register lists 17 change requests, including request no. 5, which is also identified as "Ref No R00004" and is listed as a negotiated change of 72 days. Under the heading "Necessity for Change" it states: "1. Contractor is due an increase in the performance time due to bid protest of over 3 months delaying the contract start, and several adverse weather days during the construction period." (B. Korte aff., ex. 4)

6. On 13 September 2013, KFJV and the contracting officer executed bilateral Modification No. A00004, which extended the time for contract completion by 72 days but left the contract price unchanged (R4, tab 67). In block 14, Description of Amendment/Modification, the modification states as follows:

> Reference No: R00004
> Case 005 – Time Extension

(*Id.* at 1) In a continuation of block 14, the second page of the modification contains the following relevant language:

> A. SCOPE OF WORK
>
> Case 005 – Time Extension
>
> Performance time is increased 72 calendar days to 702 calendar days. Time extension includes all delays incurred by the contract up to the date of issuance of this modification.
>
> ....

2

## D. CHANGE IN CONTRACT PRICE

Total contract price is unchanged.

## E. CHANGE IN CONTRACT TIME

....

...[I]t is understood and agreed that the contract performance
time is hereby extended 72 calendar days to and including
8 November 2013, at no additional cost to the Government.

## F. CLOSING STATEMENT

It is understood and agreed that pursuant to the above, the
contract time is extended the number of calendar days stated,
and the contract price is unchanged as indicated above, which
reflects all credits due to the Government and all debits due
the Contractor.

It is further understood and agreed that this adjustment
constitutes compensation in full on behalf of the Contractor
and its Subcontractors and Suppliers for all costs and markups
directly or indirectly attributable for the change ordered, for
all delays related thereto, for all extended overhead costs, and
for performance of the change within the time frame stated.

7. On 12 May 2014, KFJV submitted the certified claim at issue in this appeal (R4, tab 73). KFJV sought $1,971,209.19, including $1,753,424.96 for NCI, and a 389-day time extension as a result of Corps delays in approving the retaining wall submittals (*id.* at GR4-2533).

8. Prior to execution of Modification No. A00004, NCI informed KFJV on three occasions that it wanted additional money (R4, tabs 16, 26, 66). KFJV agrees that one of these documents, an email from NCI dated 27 November 2012 (R4, tab 26), relates to the retaining wall approval process but points out that this email ended with NCI stating that it could not "calculate the magnitude of the delay value" until it had a confirmed start date and experienced the severity of the winter. KFJV disputes any suggestion that the issues raised in the emails contained at Rule 4, tabs 16 and 66, have any relationship to approval of the submittals (app. statement of genuine issues ¶¶ 14, 62).

3

DECISION

*Standard of Review for Summary Judgment Motions*

Pursuant to Board Rule 7(c)(2), the Board looks to Rule 56 of the Federal Rules of Civil Procedure for guidance in deciding motions for summary judgment. Under FED. R. CIV. P. 56(a), the Board may grant summary judgment if there is no genuine dispute as to any material fact. In considering such a motion, the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

*Standards Governing Accord and Satisfaction and Releases*

Accord and satisfaction occur "when some performance different from that which was claimed as due is rendered and such substituted performance is accepted by the claimant as full satisfaction of his claim." *Bell BCI Co. v. United States*, 570 F.3d 1337, 1340-41 (Fed. Cir. 2009) (quoting *Cmty. Heating & Plumbing Co. v. Kelso*, 987 F.2d 1575, 1581 (Fed. Cir. 1993)). To prove accord and satisfaction, the government must show "(1) proper subject matter; (2) competent parties; (3) a meeting of the minds of the parties; and (4) consideration." *Id.* at 1341 (quoting *O'Connor v. United States*, 308 F.3d 1233, 1240 (Fed. Cir. 2002)). In this case, like in *Bell BCI*, there is no dispute regarding proper subject matter or competent parties. KFJV contends, however, that there was no meeting of the minds with respect to releasing NCI's delay claim. It also contends that there was no consideration for KFJV's release.

A release is contractual in nature and must be interpreted in the same manner as any other contract term or provision. *Bell BCI*, 570 F.3d at 1341 (citing *Metric Constructors, Inc. v. United States*, 314 F.3d 578, 579 (Fed. Cir. 2002)). To resolve this dispute we must first examine whether the modification is ambiguous; if the terms are unambiguous, we cannot consider extrinsic evidence. *McAbee Constr., Inc. v. United States*, 97 F.3d 1431, 1435 (Fed. Cir. 1996). If the modification is ambiguous, requiring the weighing of extrinsic evidence, the matter generally is not amenable to summary resolution. *Beta Sys., Inc. v. United States*, 838 F.2d 1179, 1183 (Fed. Cir. 1988).

*The Government Has Not Carried Its Burden*

The government contends that the doctrine of accord and satisfaction bars NCI's delay claim because Modification No. A00004 contains language that specifically releases claims for delay. The government relies on the sentence in the modification that states "Time extension includes all delays incurred by the contract up to the date of issuance of this modification." The government also relies on the sentence that states "It is further understood and agreed that this adjustment constitutes compensation in full...for all costs and markups directly or indirectly attributable for the change ordered, for all delays related thereto." (SOF ¶ 6)

4

We agree that these sentences, in isolation, could be read to provide for a broad release of delay claims, at least through the date of the modification. However, when interpreting a contract, the Board must consider the document as a whole and interpret it so as to harmonize and give reasonable meaning to all of its parts. *NVT Technologies, Inc. v. United States*, 370 F.3d 1153, 1159 (Fed. Cir. 2004). Thus, we must consider all of the language in the modification at issue.

To begin, close examination of the second sentence that the government relies upon indicates that the release given may not be as broad as the government contends. This sentence provides "It is further understood and agreed that this adjustment constitutes compensation in full...for all costs and markups directly or indirectly attributable for the change ordered, for all delays related thereto" (emphasis added). This language at least suggests that KFJV's release is only for the particular "change ordered" and is not a more general release. The modification does not describe the "change ordered," although it does cite to "Reference No: R00004" and "Case 005 – Time Extension." But this does not improve our understanding because the modification also fails to tell us what Reference No: R00004 and Case 005 mean. While the government reads this modification to provide for a broad release, we do not believe this question can be answered without knowing the definition of Reference No. R00004 and Case 005. Because this question cannot be answered within the four corners of the document, we hold that the modification is ambiguous. *See Edward R. Marden Corp. v. United States*, 803 F.2d 701, 705 (Fed. Cir. 1986) ("if a contract is reasonably susceptible of more than one interpretation, it is ambiguous").

Resolution of this issue would require the weighing of extrinsic evidence, which we will not do on summary judgment. KFJV has submitted extrinsic evidence that, if nothing else, convinces us that there is a genuine issue for trial. It has submitted affidavits from Brent and Todd Korte of Korte Construction Company, backed by documentary evidence, that tell a plausible story that Modification No. A00004 was intended only to address delays due to the bid protest and weather delays. In their affidavits, the Kortes discuss much of the history recited in our statement of facts, namely, that: 1) there was a delay due to a bid protest at the start of the project; 2) the minutes for the Red Zone meeting state that there was a pending modification for a time extension; 3) the Change Request Register attached to those meeting minutes states that a modification for a 72-day time extension had been negotiated due to a bid protest delay at the start of the project and weather delays; and 4) about three weeks after that meeting, the parties executed Modification No. A00004, which provided for a 72-day extension and contained the same or similar descriptive language contained in the Change Request Register (SOF ¶¶ 1, 4-6; B. Korte aff. ¶¶ 7, 8, 12-17). Both Kortes testified that they understood A00004 to address the bid protest and weather delays, not any delays relating to the retaining walls (B. Korte aff. ¶ 19; T. Korte aff. ¶ 9). The affidavits and the attached documentation reinforce our conclusion that there is a material dispute of fact with respect to whether the parties' intended to resolve NCI's delay claim.

The government has not attempted to define or explain "Reference No: R00004" and "Case 005." In its reply brief, the government changes tactics and asks us to rule, *in limine*, that KFJV waived any right to a time extension for delay up to 8 November 2013. Waiver consists of a voluntary and intentional relinquishment of a known right. *Cherokee Nation v. United States*, 355 F.2d 945, 950 (Ct. Cl. 1966). But, as we have already held, the language of Modification No. A00004 is ambiguous with respect to the rights KFJV gave up. Thus, the government's waiver argument is no better suited for summary resolution than its accord and satisfaction argument.

Finally, we have considered the government's contention that at the time it signed Modification No. A00004, KFJV was aware that NCI would, or was at least contemplating, the submission of a claim with respect to approval delays. However, this does not change our analysis on the government's motion for summary judgment. NCI's notice that it could or would submit a claim is, at best for the government, a piece of extrinsic evidence that could be considered in determining the intent of the parties when they executed this modification. The government's demonstration that NCI raised the possibility of submitting a claim for these approval delays does not alter our conclusion that the modification is ambiguous and that there are disputed facts as to whether there was a meeting of the minds.

## CONCLUSION

For the foregoing reasons, the government's motion is denied.

Dated: 5 November 2015

MICHAEL N. O'CONNELL
Administrative Judge
Armed Services Board
of Contract Appeals

(Signatures continued)

6

I concur

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 59767, Appeal of Korte-Fusco Joint Venture, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

7